## DUTY OF ONE ABOUT TO CROSS A STREET CAR TRACK.

Circuit Court of Cuyahoga County.

### J. F. GRIESE v. CLEVELAND ELECTRIC RAILWAY CO.

Decided, January 21, 1907.

*Evidence—Witnesses—Negligence—Trials—Not Error to Strike Out Answer when too General—One Approaching Street Car Tracks Must Use His Senses to Discover Approaching Cars—Violation of City Ordinance Not Per Se Negligence—Not Error to Fail to Amplify Instructions When Not Asked.*

1. It is not error to strike out answers which are in terms so general as to be indefinite and uncertain, as that a car was moving "fast" or "very fast" or "at an awful rate of speed."

2. A witness who has been accustomed to riding upon street cars and whose observations and experience has been such as to make his judgment reliable, may testify as to the rate of speed a car upon which he was riding was travelling.

3. One about to cross a street car track, is bound to use his senses to ascertain whether a car is about to cross or is approaching a crossing, and if he fails to see or hear anything, when a careful and prudent man by using his eyes and ears with ordinary care would have discovered a car in so close proximity to the crossing that he could not safely drive across, he is guilty of negligence and can not recover for his injuries.

4. Violation of a city ordinance in the operation of its street cars is not *per se* negligence which makes the company liable to one injured at a street crossing.

5. Where what was said by the court to the jury in the charge was clearly the law, if the plaintiff desired the court to charge further on the subject in question, a request for such further charge should have been made, and none having been made, the court did not err in failing to give any other proposition on the subject, whether such other proposition would have been warranted or not.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below; the result in that court having been a verdict and judgment for the defendant.

The plaintiff filed his petition seeking damages for injury to his person and injury to his horse and buggy which he claims

to have received on the 14th day of September, 1901, by reason of a collision between the carriage in which he was riding and the horse drawing such carriage on the one part, and the car of the defendant on the other. This collision occurred at the corner of Wade Park avenue and Giddings avenue, in the city of Cleveland. The plaintiff was driving his horse, attached to said buggy in which he was riding, to the north on Giddings avenue; the defendant's car was traveling to the west on the tracks of the company on Wade Park avenue. The petition alleges that the collision occurred and the injury was sustained without fault on the part of the plaintiff, and wholly by reason of the negligence of the defendant in two particulars, to-wit: that the car of the defendant was being moved at an unlawful rate of speed and that no gong was sounded or other alarm given by the defendant when approaching the crossing of these two streets. The defendant answered with a general denial, and with an allegation that if the plaintiff was injured, his own negligence contributed thereto; but there was no contention that the two avenues did not cross each other; that the car of the defendant was moving to the west, and that the plaintiff was in his carriage driving his horse to the north, and that a collision occurred. The real contention was that there was no negligence on the part of the defendant which caused the collision, and in any event there was negligence on the part of the plaintiff, which contributed to this collision.

On the part of the plaintiff there was introduced in evidence an ordinance of the city of Cleveland which provided that the rate of speed of street cars should not exceed twelve miles an hour, and it was admitted on the hearing that there was a valid ordinance of the city of Cleveland in force at the time which required that "all street cars shall be provided with a signal bell or gong, said bell or gong shall be sounded at least one hundred feet distant from all street intersections, and shall be continuously sounded while passing the same."

The evidence as to whether the speed at which the car was going was greater than 12 miles an hour was conflicting, as was also the evidence as to whether any gong or bell was sounded, or other alarm given of the approach of the car to the crossing.

For the purpose of establishing the proposition that the car was moving at a higher rate of speed than that allowed by the ordinance, the plaintiff introduced a witness who testified that the car was moving "at an awful rate of speed." Another witness testified that the car was moving "fast," and another that it was moving "very fast."

The court on motion of the defendant excluded each of these answers. It is urged that this is error, and in support of it we are cited to Section 7754 of *Thompson on Negligence*, Vol. 6, where this language is used:

"Thus a witness may state that a car was running fast, although he had not sufficient experience to enable him to show how fast. The rule will allow a witness of ordinary intelligence to compare the speed of a train at the time of the accident with the speed of the train on previous days."

The cases cited by the author in support of this are cases in which the evidence that the car or the train was running fast had been received, and the court refused to reverse the case because of the admission of such evidence. We think it doubtful whether in either of these cases the court would have reversed the case if the evidence had been excluded, and we find no case in Ohio which will support the claim made by the plaintiff here. The language that a car is moving "fast," or "at an awful rate of speed," or "very fast," is so indefinite and uncertain that it is not error to reject such evidence, although it is not necessary that one should be able to give definitely the speed with which the car was moving. We find no error of the court in this regard. While the plaintiff, who is a physician, was on the stand, the following question was asked him: "You may state what, if any effect, the injuries sustained there had on your ability to carry on your profession?"

An objection was made by the defendant to this question, and that objection was sustained. As to this, it is sufficient to say that no suggestion was made as to what answer was expected from the witness, and hence we can not assume that the plaintiff was prejudiced by the ruling of the court. This is true as to a number of instances, in which it is claimed that there

was error in the ruling of the court on the admission of evidence.

Another alleged error took place upon the examination of one Gemlich, a witness on the part of the plaintiff. He had testified that there was an ice wagon moving to the south on Giddings avenue, which crossed Wade Park avenue immediately before this collision took place, and from his testimony, and that of other witnesses, the jury might well have found that this wagon barely escaped being struck by the car. The wagon was on the easterly side of Giddings, while the plaintiff was on the westerly side; that is, as they would have passed one another, the wagon would be on the side of the street towards which the defendant's car was at the time. The witness then said, speaking of the plaintiff, "the doctor could not see the street car." A motion to take this from the jury was sustained. There was no error in this. If the question became important of whether the doctor could have seen the car, the jury could have found that out by having the real positions of the car, the wagon and the doctor's buggy described to them together with a description of such wagon. Again it is urged that there was error in the ruling upon the introduction of evidence when the defendant was making its case, and had placed one Harriman on the stand, who testified that he was a passenger upon the car; that he was accustomed to riding in street cars, and he thought he could approximately give the speed at which the car was moving. He was then permitted, over the objection of the plaintiff, to testify that "the car was moving somewhere about ten miles an hour." In support of the plaintiff's contention in this regard we are cited to the same section on *Thompson on Negligence,* where this language is used:

"There is authority for the determination that the rate of speed can not be shown by the opinion of witnesses observing, when from the inside, unless they are experienced and their observations is such as to make their judgment reliable."

One case only, in support of this proposition is cited, that of *Grand Rapids Railroad Company* v. *Huntley,* 38 Mich., 537. In the opinion of that case, at page 540, this language is used:

"In regard to opinions of persons riding in the cars, and not observing them from the outside, we are not prepared to say that they may not be received, but we think they should be excluded unless the witnesses first show such extended experience and observation as to qualify them for forming such opinions as would be reliable. It is not presumable that ordinary railway travelers usually form such habits."

As has already been stated, the witness who was under examination here had testified that he had paid attention to the rate of speed at which cars traveled, whether fast or slow, and that he thought he would be able to tell, approximately, about what rate of speed this car was traveling. There is no inherent reason why the testimony of one riding in the car is not as competent as that of one observing from the outside. The weight to be given to the testimony of witnesses upon this, as upon every other subject, is to be determined by the amount of knowledge which the witness has upon the subject, and concerning which he testifies. The evidence here sought to be excluded was competent; the weight to be given to it was to be determined by the jury. Careful attention has been given to each of the alleged errors, in the matter of ruling upon the evidence, and we find no error in any such ruling which would justify a reversal of the case.

It is further urged on the part of the plaintiff that the court erred in its charge to the jury. The court, among other things, said in its charge:

"Plaintiff in approaching this crossing was bound to use his senses to ascertain if a car was about to cross or was approaching the crossing, and if he failed to see or hear anything, when a careful and prudent man by exercising his eyes and ears with ordinary care would have discovered this car in so close proximity to the crossing that he could not safely drive across, he would be guilty of such negligence as would defeat his recovery. The fact that his view of the track toward the direction from which the car was coming, if such you find to be the fact, was obstructed by buildings or an ice wagon, would not excuse him from exercising ordinary care to ascertain whether he could cross in safety. If there were any such obstructions, plaintiff was bound to exercise such care as an ordinarily careful person should exercise under like circumstances. He must exercise

ordinary care commensurate with the surroundings and circumstances in which he found himself. Not to exercise such care would be negligence on the part of the plaintiff. If there was any object to obstruct the view of the plaintiff in the direction from which the car was coming, and the plaintiff by the exercise of ordinary care could have seen the car and stopped his horse in time to have avoided this collision, it was his duty to exercise that care and stop his horse.''

It is said that though this is the rule applicable to the course of the tracks of the ordinary steam railroad in the country, it is not the rule as applied to the course of street railroads in cities.

In the case of *The Cleveland Electric Railway Company* v. *Charles Wadsworth*, reported in 25 C. C. Reports, 376, this court said:

''It is contributory negligence, precluding recovery, for a passenger upon alighting at night from a street car to pass around the rear end of the car and attempt to cross a parallel track upon which cars are running in an opposite direction every three minutes, without looking in that direction, or checking his pace, or taking any precaution for his safety, he having knowledge of the surroundings and situation of the tracks and of the operation of cars thereon.''

On page 379, Judge Laubie in his opinion says:

''There can be no question about the negligence of the railway company, of the men who were in charge of the west bound car; they were running at too great a rate of speed, in passing a car that was stopping at this crossing. But it is evident, from his own testimony, and from all the testimony in the case, that the plaintiff was himself guilty of negligence contributing to his injury.''

This case was affirmed in the Supreme Court without report.

Complaint is further made that the court used this language in its charge:

''Certain provisions of the city ordinance have been admitted in evidence, but if you find that the defendant at the time of this accident was running the car at a greater speed than 12 miles an hour, or did not ring the gong or bell or give any warning,

that would not of itself constitute negligence, but may be considered by you with the other facts and circumstances of the case in determining the question of whether or not the defendant was negligent at this time.''

Clearly what was meant by this and what must have been understood by the jury, was that the simple fact that the defendant was violating an ordinance of the city did not of itself constitute negligence, for which the defendant would be liable. This is amply justified by what was said by this court in the case of *Hoppe* v. *Parmalee,* 20 C. C. Reports. 303, the second clause of the syllabus of that case reading as follows:

''The Supreme Court of Ohio has never yet gone so far as to say that an act done in violation of a statute or an ordinance is negligence *per se.* Nor has that court gone so far as to say that the violation of such statute or ordinance raises a presumption of negligence, although there are many authorities outside of Ohio in support of each of these propositions.''

In that case an infant has been employed in a manufactory; his age was such as to make his employment a violation of the statute. The trial court in its charge to the jury quoted the statute and then said that the jury might consider the statute in connection with the other facts in the case in determining whether or not there was negligence on the part of the employer.

It was urged that the court should have said more, and it is urged here that the court should have said more and explained to the jury that the plaintiff had a right to rely upon the observance by the defendant of the ordinance of the city applicable to the situation, but no request was made for any charge in that regard; and in *Hoppe* v. *Parmalee, supra,* this language is used in the first clause of the syllabus:

''Where what was said by the court to the jury in the charge was clearly the law, if the plaintiff desired the court to charge further on the subject in question ,a request for such further charge should have been made, and none having been made, the court did not err in failing to give any other proposition on the subject, whether such other proposition would have been warranted or not.''

So here we think that if the plaintiff desired further instruction to the jury on the question of the negligence of the defendant, a request for such charge should have been made.

Taking the entire charge together, we think the law stated to the jury was correctly stated under the rules in this state, and that it was not misleading. Whether the rule adopted in Ohio is entirely consonant with reason, it is not for us to say. It is sufficient for our purpose that we follow the ruling as laid down by the Supreme Court.

That rule is announced in numerous cases, among others, in *Meek* v. *Pennsylvania Co.*, 38 O. S., 632, where the first clause of the syllabus reads:

"In an action to recover for an injury alleged to have been caused by cars moving on a railroad track, proof that the company was moving its cars in violation of a city ordinance at the time the injury was inflicted, while not sufficient *per se* to create a liability, is yet competent to go to the jury as tending to show negligence."

We find nothing in the charge in this case which would justify us to reverse the judgment.

The question is raised, not yet mentioned in this opinion, upon the action of the court on a motion which was filed by the plaintiff to require the defendant to make definite and certain its answer, in specifying in what particulars the plaintiff was negligent. This motion was overruled. Unless some prejudice came to the plaintiff by reason of this action of the court, no reversal could be predicated upon it. There was no evidence introduced, nor was any sought to be introduced, of negligence on the part of the plaintiff which he could not have anticipated, and hence he was not prejudiced by this action of the court, whether he was entitled to have such motion sustained or not.

It follows from what has been said, that the judgment of the court of common pleas should be, and it is affirmed.